UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID CRUZ ESPINOZA**<br>**REG. # 29850-308** | : | **DOCKET NO. 17-cv-1250**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner David Cruz Espinoza. Espinoza is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Espinoza brings this petition seeking expungement of a prison disciplinary proceeding and restoration of good time credits. Doc. 1. He alleges that BOP staff have violated his right to due process by disregarding deadlines and failing to provide records and observe time limitations. *Id.* at 7. Specifically, he appears to complain about the rejections of his regional and central office appeals as untimely. *Id.* at 7–8. In relief, he requests that the court "hold the [BOP] to the time limitations set [forth] in the minimal protections that we as inmates have under administrative law." *Id.* at 8. He also asks that the disciplinary sanctions be revoked and his good time credits restored. *Id.* Finally, he requests that the court order an investigation into his protective custody placement. *Id.*

# II.
# LAW & ANALYSIS

## A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

## B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Here Espinoza alleges that he has lost good-time credits as a result

of the challenged disciplinary proceedings, and so the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Espinoza maintains that his right to due process was violated by the actions of BOP employees, but his allegations relate to the BOP's handling of his administrative remedy procedures. These allegations do not show any due process violation in the proceeding that led to revocation of his good-time credits. Rather, at best, they provide a basis for excusing Espinoza from the requirement that a § 2241 petitioner exhaust his administrative remedies or a basis for a separate civil rights action. Accordingly, in order for this court to determine if there was any actionable due process violation in the complained-of disciplinary proceedings, Espinoza must provide a copy of the disciplinary hearing officer's (DHO's) report and identify any violations of the procedural safeguards set forth in *Hill* and *Wollff*, supra. He should also provide copies of all documents relevant to his administrative appeals and explain, based on those records, why he should be excused from any failure to exhaust.

### III.
#### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Espinoza must amend his complaint and provide the records described above. He should also provide a supporting memorandum explaining what due process violations occurred in his

disciplinary proceedings and why he should be excused from any failure to exhaust his administrative remedies. If he cannot obtain the requested records, he must explain why. In any event, he remains obliged to identify some due process violation **in his disciplinary hearing** in order to proceed with this habeas petition.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Espinoza at his last address on file.

**IT IS ORDERED** that Espinoza amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Espinoza is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 2nd day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE